FILED

2008 Jul-23  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAXTON AND THAU** | ] | |
| **ARTISTIC SUPPLY, LLC,,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **Case No.:  2:08-CV-545-VEH** |
| **v.** | ] | |
| | ] | |
| **HOUSE OF FORGINGS, INC.,** | ] | |
| | ] | |
| **Defendant.** | ] | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff Paxton and Thau Artistic Supply, LLC ("Paxton") brings this
copyright/trade dress infringement and unfair competition case against Defendant
House of Forgings, Inc. ("House") under federal and state law.  Paxton is in the
business of marketing and selling "decorative components made of wrought iron and
cast iron for use in railings, gates, grills, interior forgings, balustrades, and similar
fixtures that are installed by commercial and residential builders."  (Doc. #8 ¶ 7).

Pending before the court are the following motions:  (1) House's Motion to
Dismiss (the "Dismissal Motion") (Doc. #9) filed on May 12, 2008; (2) Paxton's
Motion for Leave to Supplement (the "Supplement Motion") (Doc. #16) filed on June
4, 2008; and (3) Paxton's Reply Submission in Response to Exhibit B of the Court's

Order and Motion for Leave to Amend Complaint (the "Motion to Amend") (Doc. #20) filed on June 20, 2008.

Paxton filed its opposition (Doc. #12) to the Dismissal Motion on May 27, 2008. House filed its reply (Doc. #14) to the Dismissal Motion on June 3, 2008, and again on June 4, 2008. (Doc. #15).[1] House filed its opposition (Doc. #21) to Paxton's Motion to Amend on July 1, 2008, and Paxton filed its reply (Doc. #22) on July 8, 2008.

In the Supplement Motion, Paxton requests that the court allow it to supplement its response to House's Dismissal Motion "to reflect the receipt of the certificates of registration for FOB 115 and FOP 111." (Doc. #16 at 2). The attached certificates of registration apparently relate to the works that are the subject of this litigation.

On June 9, 2008, the court entered a show cause order (Doc. #18) on Paxton's Supplement Motion as to the registrations' potential effect on the Dismissal Motion. House filed its response (Doc. #19) on June 16, 2008. In its Motion to Amend, Paxton replies to House's response by seeking to amend its complaint to reflect its receipt of the copyright registrations above and to adequately allege an ownership

---

[1]Docs. #14 and #15 are identical with the exception of the exhibit on registration requirements that was omitted from Doc. #14, but attached at the end of Doc. #15.

interest in the copyrights.

Paxton opposes House's Motion to Amend on several grounds including (1) the futility of the proposed amendment; (2) Paxton's lack of standing to bring the trade dress claim and the need to join Grand Forge as an indispensable party; (3) Paxton's inability to pursue all statutory remedies available under the Copyright Act due to its lack of registrations during the initial alleged infringement; and (4) the court's lack of supplemental jurisdiction in the absence of any remaining federal causes of action. (*See generally* Doc. #21 at 2, 4, 7-8).

Having considered all the parties' filings and as discussed more fully below, Paxton's Motion to Amend pursuant to Rule 15(a)(2) is due to be granted. By virtue of the court's ruling on the Motion to Amend, Paxton's Supplement Motion is due to be termed as moot.   Further, House's Dismissal Motion pursuant to Rule 12(b)(1) and (b)(6) is due to be denied.

## II.    ANALYSIS

### A.    Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure controls Paxton's Motion to Amend because this would be Paxton's second amendment of its complaint. Rule 15(a)(2) provides:

**(a) Amendments Before Trial.**

. . .

**(2)** *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

In responding to the show cause order and Paxton's Motion to Amend, House has not demonstrated futility in allowing this amendment, and relatedly Paxton has met the Rule 15(a)(2) standard.[2]   Therefore, Paxton's Motion to Amend is **GRANTED**, and Paxton is **GRANTED** eleven (11) days from the entry date of this order to file a second amended complaint.  Further, House is **GRANTED** eleven (11) days from the filing of Paxton's second amended complaint to answer, move, or otherwise respond to this pleading.[3]

---

[2]The court is puzzled by House's reliance upon the Eleventh Circuit's discussion of Rule 16(b)'s good cause standard in *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) in its opposition to Paxton's Motion to Amend (*see* Doc. #21 at 1) because, at this early stage of the case, Rule 16(b)'s requirements regarding amendments that are sought outside of the applicable scheduling order deadline are not at issue.

[3]The court notes that in its response to the show cause order and in opposition to Paxton's Motion to Amend, House raises dismissal issues pertaining to Paxton's failure to join an indispensable party and its ineligibility to seek statutory damages or attorney's fees.  However, as Paxton responds in its reply brief on the Motion to Amend, these grounds have not been properly developed and are premature given the

**B.     Supplement Motion**

Because the court has granted Paxton's Motion to Amend to reflect its receipt of the copyright registrations, its Supplement Motion is **TERMED** as **MOOT**.

**C.     Dismissal Motion**

**1.     Rule 12(b)(1)**

**a.     Paxton's Copyright Count**

House challenges Paxton's copyright count jurisdictionally on its failure to obtain copyright registrations pre-litigation.  *See* 17 U.S.C. § 411.  That portion of House's Dismissal Motion is **DENIED** as **MOOT** in light of the court's above ruling that grants Paxton's Motion to Amend.

**b.     Paxton's Trade Dress and State Law Counts**

House does not argue that the court lacks jurisdiction to hear Paxton's trade dress claim, but rather only challenges it upon Rule 12(b)(6) grounds.  (*See generally* Doc. #10 at 15-21).  House does maintain that Paxton's state law count is subject to

---

pleadings phase of the case.  (*See, e.g.,* Doc. #22 at 6 (pointing out as to indispensable party that "defendant makes this argument without any discovery and without requesting any further information about the relationship between Grande Forge and [Paxton]"); *id.* at 5 (pointing out as to statutory damages and attorney's fees that "[i]n the absence of discovery about the timing of the defendant's actions and a determination by the Court as to the effective date of [Paxton]'s registration under § 410, this argument is premature")).  The court agrees with Paxton, and accordingly these additional bases offered to support a dismissal are **DENIED**.

dismissal due to the need to dismiss all federal claims pursuant to Rule 12(b)(6) and the resulting lack of any supplemental jurisdiction under 28 U.S.C. § 1367(a).  (Doc. #10 at 22).  That portion of the Dismissal Motion is **DENIED** because, as discussed below, Paxton's federal claims are not subject to dismissal under Rule 12(b)(6). Therefore, the court may properly exercise supplemental jurisdiction over the state law count pursuant to § 1367(a).

### 2.    Rule 12(b)(6)

House attacks Paxton's copyright claim under Rule 12(b)(6) on the lack of any copyrightable nature to Paxton's design.  House's contentions as to the viability of Paxton's trade dress and unfair competition claims are similarly based upon the lack of any protectable intellectual interest in Paxton's works.

Paxton has adequately satisfied the Rule 8 pleading standard as refined in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]") (citation omitted). House's arguments in support of a dismissal pursuant to Rule 12(b)(6) as well as Paxton's opposition involve evidentiary and fact intensive inquiries that go well beyond the pleading requirements of Rule 8.  Moreover, none of the authorities cited by House supports a dismissal of Paxton's claims based upon Rule 12(b)(6). Therefore, the Dismissal Motion is **DENIED** as to all counts under Rule 12(b)(6).

**III.   CONCLUSION**[4]

In sum, Paxton's Motion to Amend under Rule 15(a)(2) is **GRANTED**.

Relatedly, Paxton's Supplement Motion is **MOOT**. Further, the parties are

**ORDERED** to follow the filing deadlines set forth more specifically in § II.A. above.

Finally, the Dismissal Motion pursuant to Rule 12(b)(1) and (b)(6) is **DENIED**.

**DONE** and **ORDERED** this the 23rd day of July, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4]The court is aware that Paxton has requested oral argument, but finds that a hearing is not necessary.